John Allen **HESSMER**, Plaintiff–
Appellant,

v.

**State of TENNESSEE; Wilson County; James Oscar Bond; John Wooten; Robert J. Hamilton; Jack "BF" Lowery, Sr.; William K. Cather; Linda Neal; Ronald Swindle; Carrol Clemmons; Mikey Williamson; Terri Ashe; John Pucket; John Doe, Defendants–Appellees.**

No. 02–5749.

United States Court of Appeals,
Sixth Circuit.

Feb. 10, 2003.

Before GILMAN and GIBBONS, Circuit Judges; and ECONOMUS, District Judge.*

*ORDER*

John Allen Hessmer appeals a district court judgment that dismissed his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Hessmer filed his complaint in the district court, where it was correctly characterized as "sketchy at best." However, the district court noted that plaintiff had filed related litigation which it reviewed to understand plaintiff's claims. A district court judgment dismissing one of the earlier cases was affirmed by this court on appeal. *Hessmer v. Lowery,* No. 01–5662, 2001 WL 1609915, 24 Fed.Appx. 492 (6th Cir. Dec. 12, 2001). In any event, it appears that plaintiff alleges that numerous defendant individuals and officials conspired to convict him on criminal charges and to revoke his placement in a community corrections program for service of his criminal sentence. The district court

---

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio sitting by designation.

screened the complaint, granted Hessmer in forma pauperis status, and dismissed the complaint for failure to state a claim. Hessmer filed a motion to set aside the judgment and a timely notice of appeal. The district court denied the motion to set aside judgment.

On appeal, Hessmer appears to contend that some of his claims do not implicate the validity of his conviction or confinement, and contends that the district court is biased against him. Upon de novo review, *see McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997), we will affirm the judgment for the reasons stated by the district court in its memorandum entered May 30, 2002. First, plaintiff's claims are not cognizable under § 1983 insofar as a ruling in plaintiff's favor in a § 1983 action would necessarily implicate the continued validity of his imprisonment. *See Spencer v. Kemna*, 523 U.S. 1, 17–18, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Otherwise, plaintiff's claims plainly are barred under Tennessee's one-year statute of limitations. *See* Tenn.Code Ann. § 28–3–104(a)(3); *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir.1997). Finally, it is noted that plaintiff's remaining claim on appeal, that the district court is biased against him is, factually unsupported, and no basis for recusal of the district court is apparent from the record. *See Liteky v. United States*, 510 U.S. 540, 555–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.